FILED
DISTRICT COURT OF GUAM
APR 11 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| VIRGIL M. LORENZO,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD RUMSFELD, Secretary,<br>Department of Defense,<br><br>    Defendant. | Civil Case No. 05-00035<br><br>**MINUTES** |

(√) SCHEDULING CONFERENCE      ( ) PRELIMINARY PRETRIAL CONFERENCE
(April 11, 2006, at 9:55 a.m.)

( ) FINAL PRETRIAL CONFERENCE    ( ) STATUS CONFERENCE

**Notes**: The Plaintiff appeared *pro se*, along with his wife. Assistant U.S. Attorney Mikel Schwab appeared on behalf of the Defendant.

Mr. Schwab stated that he believed that this District was the improper venue for this action and that the Eastern District of Virginia is the more appropriate forum because the headquarters for the Department of Defense Education Activity ("DoDEA") is located in Arlington. Accordingly, Mr. Schwab asserted that the Defendant would shortly be filing a motion to dismiss or an alternative motion to transfer venue. The Plaintiff explained that because he now resides in Okinawa, Japan, and because the alleged discrimination occurred in Okinawa, he believed it would be more convenient for the venue to remain in this District. The Plaintiff further stated that he was advised by the court in San Diego, California to file this

action in this District. The Court advised the Plaintiff that he can raise these issues, along with other legal authority, in his response to the Defendant's motion. Accordingly the following deadlines were established:

- April 21, 2006: the Defendant shall file its motion to dismiss or transfer venue;
- May 22, 2006: the Plaintiff shall file a response to the motion; and
- June 5, 2006: the Defendant shall file its reply to the Plaintiff's response, if any.

Judge Manibusan further advised the Plaintiff that he may request a hearing on the motion if he desires, and may participate telephonically at said hearing if he wishes. The Plaintiff was also reminded to file a written request for an extension if he believes additional time is necessary to file a response to the motion.

Because the Plaintiff is proceeding *pro se*, Judge Manibusan explained how a case would normally progress through the various stages until trial commences. Judge manibusan stated that even if the Court were to grant the Defendant's motion and transfer the case to another district, such a decision would only be procedural in nature and would not address the merits of his claims.

The Plaintiff provided Mr. Schwab with his e-mail addresses and a fax number.

Mr. Schwab stated that the Defendant has not been properly served as required by Rule 4 of the Federal Rules of Civil Procedure. The Plaintiff stated that he had mailed the copies of the complaint and summons as required, but was still awaiting the return receipts. The Plaintiff was advised to file a proof of service as he receives each return receipt to evidence that service had been effected properly.

Mr. Schwab was advised that the Plaintiff had written a letter to the Clerk of Court in March 2006 and made several discovery requests in said letter. With the Plaintiff's consent, a copy of the letter will be provided to Mr. Schwab.

The conference concluded at 10:27 a.m.

Dated: April 11, 2006.

_____
JUDITH P. HATTORI
Law Clerk