ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| VIRGIL M. LORENZO, | CIVIL CASE NO. 05-00035 |
| Plaintiff, | |
| vs. | |
| DONALD RUMSFELD, Secretary Defense, | |
| Defendant. | |

## RESPONDENT'S REPLY TO PLAINTIFF'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

The Plaintiff's Response fails to refute the requirement that venue for this action falls in the Eastern District of Virginia. See 42 U.S.C. 2000e(f)(3). The Plaintiff's argument concedes the key elements that establish the Eastern District of Virginia as the exclusive venue.

Plaintiff has admitted that his current action does not involve an application for employment with the Respondent Agency in Guam, thus, he has no claim of an unlawful employment practice having occurred in Guam. Plaintiff also admits that the Respondent Agency does not maintain employment records on him in Guam. He admits this because he admits that this action did not arise out of any employment relationship with the Respondent Agency in Guam.

Plaintiff further fails to rebut the sworn statement of Paul Wolfe, the DoDEA Personnel Director, whose affidavit states that the Agency's Personnel files are maintained at the DoDEA Headquarters, in Arlington, VA. Plaintiff seeks to rebut this sworn affidavit with his own bare assertion, unsupported by any evidence, that the "DoDEA Personnel Director in Guam" has "full access to records and files" and was able "using his computer in Okinawa," to delete an adverse reference in his personnel file. Whether the facts asserted by the Plaintiff are or are not factual truths remains to be determined. However, assuming that Mr. Ed Banka, who is the "Chief, Personnel Division" for the Pacific Area, was able to use his computer to make changes in the Plaintiff's application file means that he was able to manipulate a portion of the Agency's Personnel data base; that does not mean that the records he manipulated were stored or maintained in the Pacific, or that he has access to or can change or maintain other relevant personnel files pertaining to the Complainant. The official hard copy and electronic personnel records of DoDEA employees are maintained in the file room and server data files maintained by the DoDEA HQ Personnel Division under the direction of Mr. Paul Wolfe. See Affidavit of Paul Wolfe attached to Respondent's Motion to Dismiss.

The Plaintiff argues for a Guam venue because "the claim at its present format is completely supported by DoDEA personnel based on Okinawa," he thinks he has the choice of venue; that Guam is the reasonable venue given Plaintiff's proximity to Guam from Okinawa; and that his applying for a position that will ultimately move to Guam. These arguments assert facts for which the Plaintiff has provided no evidentiary proof; but assuming that the facts are provable as asserted, the arguments fail in the light of well established law that strict compliance with the terms of Title VII is mandatory. See Smith v. United States, 507 U.S. 197, at 202 (1993); Johnson v. Payless Drugstores, Northwest, Inc., 950 F.2d 586 (9th Cir. (Cal), 1991)(*per curriam*); Bolar v. Frank, 938 F2d 377, 379 (2nd Cir. 1991); Spencer v. Rumsfeld, 209 F. Supp 2d 15 (D.D.C. 2002); Foxx v. Dalton, 46 F. Supp 2d 1268 (M.D. Fla. 1999). Furthermore, the Plaintiff's prospective employment opportunities are not relevant to a determination whether the court has venue to hear the matter actually pending before the court.

Even if the Plaintiff were asserting venue based upon his residency under another venue statute, he would fail to obtain venue in Guam, because he is not a resident of Guam, but of, Okinawa. See e.g., Bogdan v. DoD, (USDC – NDF, Case No. 3:05cv463/RV/MD, May 03, 2006) (Resident of Taegu, Korea has no residency for venue purposes in Florida under the Privacy Act venue statute, 5 U.S.C. 552a(g)(5), authorizing venue in the district in which the complainant resides or has his principal place of business or in which the agency records are situated, or in the District of Columbia; citing Arevalo-Franco v. INS, 889 F2d 589, 591 (5th Cir, 1989) (defining residence under 5 U.S.C. 552a(g)(5) as the district where a plaintiff "lives" or has his principal place of business); Akutowicz v. U.S., 859 F2d 1122 (2nd Cir 1988)( venue not proper where plaintiff had lived and worked continuously in France.)

The Plaintiff's opposition to Respondent's Motion to Dismiss for Lack of Personal Jurisdiction is similarly unpersuasive. The evidence he uses to support service of process on the Secretary of Defense reflects, instead, service on the DoD Education Activity on March 24, 2006. Plaintiff does not show that he ever served the Secretary of Defense, but he does include two certified mail receipts dated April 4, 2006 and May 10, 2006, reflecting that he mailed something to the Secretary Defense on those dates.

Respondent concedes that the Plaintiff finally did properly serve the Secretary of Defense more than a month subsequent to the filing of the Respondent's Motion Dismiss. However, his service is late under any standard of diligence. Fed.R.Civ.P. 4(m) requires dismissal if service is not perfected in 120 days, and it was not. Plaintiff has not attempted to shoulder the heavy burden of proof imposed on him were he to have sought an extension of a service deadline. Doe v. Special Investigations Agency, Inc., Case No. 90-1762, 1990 WL 131360*1(E.D. Pa. September 12, 1990.)

Finally, Plaintiff's recitation of the facts of germane to the merits of his claim are not relevant or material to his arguments in opposition to the Respondent's assertions that the Guam Court is not the proper venue and that the Plaintiff has failed to serve the Respondent. Accordingly, they are not here addressed, but will be addressed in a Motion for Summary Judgment, should the Court fail to dismiss this action for lack of venue or transfer the case to the

1 | Eastern District of Virginia.

2 | For the reasons asserted in the Respondent's original Motion to Dismiss, Respondent respectfully reiterates its request that this case be dismissed, with both parties to bear their costs and fees.

RESPECTFULLY SUBMITTED this 24th day of May, 2006.

                        LEONARDO M. RAPADAS
                        United States Attorney
                        Districts of Guam and NMI

BY: _____
     MIKEL W. SCHWAB
     Assistant U.S. Attorney

OF COUNSEL:

Robert P. Terzian
Associate General Counsel, DoDEA
4040 N. Fairfax Dr. Suite 911
Arlington, VA 22203-1365
Voice: 703 588-3063
Fax: 703 588-3707