ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2
   MIKEL W. SCHWAB
3  Assistant U.S. Attorney
   Suite 500, Sirena Plaza
4  108 Hernan Cortez
   Hagåtña, Guam 96910
5  Telephone: (671) 472-7332
   Fax: (671) 472-7215
6
   Attorneys for the United States of America
7



FILED
DISTRICT COURT OF GUAM
JUN 1 2 2006
MARY L.M. MORAN
CLERK OF COURT

8
                IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE TERRITORY OF GUAM
10

11

12  VIRGIL M. LORENZO,                )    CIVIL CASE NO. 05-00035
                                      )
13                      Plaintiff,    )
              vs.                     )
14                                    )    DEFENDANT'S 2ND REPLY TO
    DONALD RUMSFELD,                  )    PLAINTIFF'S 2ND OPPOSITION
15                                    )    TO DEFENDANT'S MOTION
                        Defendant.    )    TO DISMISS
16  _____ )

17

18      Defendant now replies to the Plaintiff's untitled submission of June 2, 2006, received by

19  the Defendant on June 5, 2006. Defendant reasserts that Plaintiff's June 2, 2006, submission

20  confirms the absence of a Title VII basis for venue in the United States District Court for the

21  Territory of Guam (USDC-G) and establishes that the exclusive venue is the United States

22  District Court for the Eastern District of Virginia, the judicial district in which the Defendant's

23  headquarters is located and where its personnel files are located and maintained. It further

24
25  confirms that the interest of justice is best served by dismissing this complaint.

26      Change of Venue:

27      Plaintiff's June 2, 2006 submission alleges that the Pacific Area Director has

28

administrative supervision of the DoDEA schools in Guam and Okinawa, Japan, that the USDC-G has jurisdiction over the DoDEA schools in Guam, and that "it stands to reason that the USDC-G, located within the boundaries of this administrative unit (i.e., DoDEA-Pacific), has jurisdiction over cases that arise from this unit." Furthermore, he continues to allege that the Defendant's records are located and maintained in Okinawa, Japan; and he proffers as proof that the personnel office for the DoDEA Pacific Area, located in the DoDEA Pacific headquarters in Okinawa, Japan, had the ability, using a computer in Okinawa, to delete an unfavorable recommendation from Plaintiff's application file.

Plaintiff's allegations are irrelevant and unsubstantiated. It is settled law that the venue provision of Title VII is part and parcel of the sovereign's waiver of immunity to suit for discrimination claims and that it is jurisdictional in nature and cannot be waived. See Smith v. United States, 507 U.S. 197 at 202 (1993). Strict compliance with the terms of the statute is mandatory. Johnson v. Payless Drugstores, Northwest, Inc., 950 F.2d 586 (9th Cir. (Cal) 1991) (per curriam); Bolar v. Frank, 938 F.2d 377, 379 (2nd Cir, 1991); Spencer v. Rumsfeld, 209 F. Supp. 2d 15 (D.D.C. 2002). Title VII states that:

> Such an action may be brought in any judicial district in the State in which the unlawful
> employment practice is alleged to have been committed, in the judicial district in which
> the employment records relevant to such practice are maintained and administered, or in
> the judicial district in which the aggrieved person would have worked but for the alleged
> unlawful employment practice, but if the respondent is not found within any such district,
> such an action may be brought within the judicial district in which the respondent has his
> principal office.

2

42 U.S.C.A. § 2000e-5(f)(3). Accordingly, the relevant inquiries under the Title VII venue statute are where the Plaintiff's allegedly unlawful nonselection "[i]n December 2000 ...to teach Spanish at Kadena High School Okinawa, Japan" occurred (i.e., was the decision made in the judicial district of the USDC-G (i.e., in the "state" of Guam); and where, but for the alleged discrimination, the Plaintiff would have been employed; and where the Agency's personnel records are locate.

The events at issue in this case did not occur within Guam or a judicial district of Guam, but in Japan, and the Plaintiff, but for the alleged discrimination, would not have been employed in Guam, but in Japan. Judicial districts are established by state within the United States. See 28 USC Chapter 5. As used throughout Title 28, "district court" means a " 'court of the United States' " "constituted by chapter 5 of this title." 5 U.S.C. § 451; Nguyen v. U.S. 539 U.S. 69, 123 S. Ct. 2130 (2003). Thus, federal court districts are defined by the borders of individual states, and in this case, by the borders of the Territory of Guam.

Thus, Plaintiff's assertion that the USDC-G has jurisdiction over the entire "administrative unit" in the Pacific Area is true only if the entire administrative unit is located within the "state" of Guam, or the activities complained of occurred in Guam. It is undisputed that the Pacific Area is located both within the "state" of Guam and without Guam. The portion of that administrative unit that is located is Japan is located in a foreign sovereign nation outside of Guam and, accordingly, outside a judicial district of Guam. It is undisputed that the alleged unlawful discrimination occurred, and that the employment (but for the alleged discrimination) would have occurred, outside the "state" of Guam, since the position in question is located in Okinawa, Japan. Accordingly, Plaintiff may not assert Title VII venue in the USDC-G based

3

upon an unlawful employment action that did not occur within Guam, or upon employment (but for the alleged discrimination) that would not have been in Guam.

The Agency's employment records are not located or maintained in Guam; they are located in Arlington, Va., within the judicial district of the Eastern District of Virginia, the only place where venue lies for the Plaintiff's case. The unsupported allegation that the Okinawa personnel office was able to electronically access Plaintiff's employment records and amend them, at best, raises the question whether the Agency's employment records are maintained in Okinawa. It does nothing to establish that those records are maintained in Guam. Nor does the allegation call into dispute the declaration of the DoDEA Personnel Director, submitted with Defendant's original Motion to Dismiss, stating that the Agency's employment records were located and maintained in the DoDEA Headquarters in Arlington, Virginia.

The U.S. District Court for the District of Columbia examined the question of distributed employment records and concluded that Title VII venue turned upon the location of the Agency's "master" employment records. The court observed:

> Although Congress could easily have written the statute to make venue proper in *any* judicial district in which employment records may be found, it did not choose to do so. Rather, the prong of the Title VII venue statute that concerns employment records speaks of " *the* judicial district" in which employment records are "maintained and administered." From the statute's use of the singular, it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, "master" set of employment records is "maintained and administered."

4

Washington v. General Elec. Corp., 686 F. Supp. 361 at 363 (U.S.D.C. D.C. 1988). Thus,

Plaintiff's allegation that the Okinawa Personnel Office for DoDEA-Pacific could access and

change his employment records, not only refutes his claim that the USDC-G has venue of his

complaint, but it fails to raise a dispute over the validity of the DoDEA Personnel Director's

declaration stating that the location of the master set of employment records is in Arlington, Va.

Plaintiff's failures to establish that an unlawful employment action occurred in Guam, or

that he would have been employed in Guam, but for the alleged discrimination, or that the

Agency's records were maintained in Guam, leave only one venue available for his Title VII

claim. Plaintiff's action is properly filed only in the judicial district in which DoDEA's master

employment records are located and maintained. As those records are located and maintained in

Arlington, Va., Plaintiff's venue is within the judicial district of the USDC for the Eastern

District of Virginia.

Dismissal of Complaint in Lieu of Transfer:

The Defendant asserts, however, that the interests of justice are not served by transferring

the Plaintiff's case to the Eastern District of Virginia. It is Defendant's position that this case

should be dismissed because the complaint was not timely filed, Defendant was not properly

served, and the Plaintiff has not offered any plausible explanation for these failures.

The USDC-G has authority to dismiss the Plaintiff's case for failure to timely file the

instant case and for failure to properly serve the defendants. Heard v. MTA Metro-North

Commuter Railroad Company, 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003) and Williams v.

Phil Rich Fan Mfg. Co., Inc., 552 F.2d 596, (C.A.Tex. 1977)( untimeliness); Pinson v.

Rumsfeld, Slip Copy, 2006 WL 1374473 (C.A.11 (Ga.), 2006) (failure to serve). The plain facts

5

are that the Plaintiff failed to file the instant complaint within 90 days of receiving the Equal

Employment Opportunity Commission's (EEOC) "Dismissal of Request for Reconsideration," as

specified in that decision, dated July 28, 2005, and by 29 C.F.R. 1614.407. Tab A. The EEOC

allows five days for mail time before it counts a document received. 29 C.F.R. § 1614.604.

However, 116 days passed between the issue date of the EEOC reconsideration decision on July

28, 2005 and the November 21, 2005 date the Complainant filed his complaint in the USDC-G

(without service on the Defendants).

Even if it took 15 days (i.e., three time longer than allowed by EEOC rules) for Plaintiff

to receive the EEOC's decision denying reconsideration, in order to file a timely complaint in

federal district court, Plaintiff would have had to file by the 105th day following issuance of the

EEOC's reconsideration decision in order to comply with the 90 day filing period. In this case,

Plaintiff did not file this complaint until the 116th day. Furthermore, he has offered no

explanation for his delay in filing.

Furthermore, as previously briefed in the Defendant's Motion to Dismiss, the Plaintiff did

not, simultaneously with filing this complaint with the USDC-G, serve the Defendants, and thus,

he failed to do what he was required to do to comply with the limitation period provided by Title

VII for filing a civil suit in federal district court.

Plaintiff's June 2, 2006 submission contains an implausible "explanation" for the

Plaintiff's delay in serving the Defendants. The Plaintiff states that he was diligent in "sending

the summons and complaint to the Secretary of Defense… twice…; Rumsfeld's office did not

send … the return receipt…" The evidence of Plaintiff's diligence, provided by the Plaintiff at

Tab 2 of his initial Opposition to the Defendant's Motion to Dismiss, consists of certified mail

6

receipts reflecting mailing dates of April 4 and May 10, 2006. These mailing dates are six and

seven months, respectively, after the Plaintiff filed his Complaint with the USDC-G on

November 21, 2005. Not only is the explanation of what happened in the Secretary's office

implausible, but the untimely post marks on the certified mail receipts demonstrate the Plaintiff

has not been diligent in perfecting his claim.

Plaintiff's current lack of diligence – his noncompliance with rules of procedure and

timeliness -- is not isolated. The EEOC declined to hear his Motion for Reconsideration because

it was untimely filed. Tab A. The AJ in his administrative decision found that the complaint of

nonselection for the Spanish teacher vacancy here at issue was untimely filed. Tab B. It does not

serve the interests of justice to transfer a case and unreasonably prolong litigation when the

Plaintiff is not diligent. See, e.g. Dubin v. United States, 380 F.2d 813, 816 n. 5 (5th Cir.1967)

(not "in the interest of justice" to aid a plaintiff who knowingly files a case in the wrong district).

It also fails to serve the interests of justice to transfer for trial a case that is without merit.

Jones v. U.S., 229 Ct. Cl. 700, 1981 WL 22106 (transfer would result in litigation of almost

identical issue already dismissed by the district court). The Plaintiff's present suit arises from the

denial by the EEOC of the Plaintiff's Appeal from an EEOC Administrative Judge's decision

granting summary judgment to the Agency, and the EEOC's denial, as untimely filed, of his

subsequent Motion for Reconsideration. As briefed in the Agency's initial Motion to Dismiss,

the EEOC AJ found the complaint of non-selection was untimely; that the Complainant was

unqualified to be considered for the Spanish Teacher and other positions for which he applied;

and that his nonselection was not connected to his claim that he was harmed by a negative

employment evaluation. After a full investigation, the Plaintiff had not been able to produce

7

evidence that raised a dispute concerning any material issue of fact in his EEO complaint. The Complainant has proffered no new evidence or no new argument not considered below to suggest that a trial of the same facts would result in a different decision by a district court. Thus, there are no facts in dispute that warrant further trial, and a transfer to allow a trial does not serve the interests of justice.

For these reasons set forth herein and the reasons set forth in the Defendant's initial Motion to Dismiss, the Defendant again asks that this complaint be dismissed or, alternatively, that the case be transferred to the Eastern District of Virginia.

Respectfully Submitted this 12 day of June, 2006.



LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
        MIKEL W. SCHWAB
        Assistant U.S. Attorney

8

H

E.E.O.C.

*1 Office of Federal Operations

VIRGIL LORENZO, COMPLAINANT,
v.
DEPARTMENT OF DEFENSE AGENCY.
Appeal No. 01A51686
Agency No. PEFY-02-06
Hearing No. 370-04-00264X

April 26, 2005

DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal
from the agency's final order in the above-entitled matter. Complainant alleged
that the agency discriminated against him on the bases of race (Asian), national
origin (Philippines), age (D.O.B. 1945), and reprisal for prior EEO activity when
he was not considered for selection to the positions of Spanish teacher in 2000 and
Social Studies/English teacher in 2002. After a review of the record in its
entirety, including consideration of all statements submitted on appeal, it is the
decision of the Equal Employment Opportunity Commission to affirm the agency's
final order, because the Administrative Judge's issuance of a decision without a
hearing was appropriate and a preponderance of the record evidence does not
establish that discrimination occurred.

STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the
complainant or the agency submits a written request containing arguments or
evidence which tend to establish that:
    1. The appellate decision involved a clearly erroneous interpretation of
material fact or law; or
    2. The appellate decision will have a substantial impact on the policies,
practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the
Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of
this decision or within twenty (20) calendar days of receipt of another party's
timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment
Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18
(November 9, 1999). All requests and arguments must be submitted to the Director,
Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box
19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to
reconsider shall be deemed timely filed if it is received by mail within five days
of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The
request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for reconsideration as untimely, unless extenuating circumstances prevented the
timely filing of the request. Any supporting documentation must be submitted with
your request for reconsideration. The Commission will consider requests for
reconsideration filed after the deadline only in very limited circumstances. See 29
C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

*2 You have the right to file a civil action in an appropriate United States
District Court within ninety (90) calendar days from the date that you receive this
decision. If you file a civil action, you must name as the defendant in the
complaint the person who is the official agency head or department head,
identifying that person by his or her full name and official title. Failure to do
so may result in the dismissal of your case in court. "Agency" or "department"
means the national organization, and not the local office, facility or department
in which you work. If you file a request to reconsider and also file a civil
action, filing a civil action will terminate the administrative processing of your
complaint.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the
services of an attorney, you may request that the Court appoint an attorney to
represent you and that the Court permit you to file the action without payment of
fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29
U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole
discretion of the Court. Filing a request for an attorney does not extend your time
in which to file a civil action. Both the request and the civil action must be
filed within the time limits as stated in the paragraph above ("Right to File A
Civil Action").

For the Commission:

Carlton M. Hadden

Director

Office of Federal Operations

2005 WL 1073855 (E.E.O.C.), EEOC DOC 01A51686

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**H**

### E.E.O.C.

**\*1 Office of Federal Operations**

VIRGIL M. LORENZO, COMPLAINANT,
v.
DONALD H. RUMSFELD, SECRETARY, DEPARTMENT OF DEFENSE, AGENCY.
Request No. 05A50956
Appeal No. 01A51686
Agency No. PEFY-02-06
Hearing No. 370-04-00264X

July 28, 2005

Dismissal of Request for Reconsideration

 By Notice of Appeal postmarked June 6, 2005, complainant requested reconsideration (RTR) of the Commission's decision in Virgil M. Lorenzo v. Department of Defense, EEOC Appeal No. 01A51686 (April 26, 2005).

 The decision in EEOC Appeal No. 01A51686 (April 26, 2005), includes a certificate of mailing, which states that the decision was mailed on April 26, 2005 to complainant's address of record. The decision informed complainant that it presumed receipt within five days of mailing and that the time frames should be computed as commencing five days from the date of the mailing. It also informed complainant that he had thirty calendar days after receipt of the decision in which to file an RTR. Based on the five day presumption of receipt, we determine that complainant received the decision at his address of record on May 2, 2005. Therefore, in order to be considered timely, complainant had to file his RTR no later than June 1, 2005. Complainant has offered no justification for an extension of the applicable time limit for filing his RTR. Accordingly, complainant's June 6, 2005 RTR is hereby dismissed. See 29 C.F.R. § 1614.403(c).

 The decision in EEOC Appeal No. 01A51686 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

 This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

 If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S.C. § § 791, 794(c). The grant or denial of the request is within the sole
discretion of the Court. Filing a request for an attorney does not extend your time
in which to file a civil action. Both the request and the civil action must be filed
within the time limits as stated in the paragraph above ("Right to File A Civil
Action").

For the Commission:

*2 Carlton M. Hadden

Director

Office of Federal Operations

 2005 WL 1903424 (E.E.O.C.), EEOC DOC 05A50956

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 THE EMBARCADERO , SUITE 500
SAN FRANCISCO, CA 94105

Served
11-2

NOV 1 2004

_____
COMPLAINT OF                              \

Virgil Lorenzo,                                          EEOC NO. 370-04-00264X

             Complainant,

                                     AGENCY NO.  PEFY-02-06
v.

Donald Rumsfeld, Secretary,
U.S. Dept. of Defense,

                                     <u>DECISION</u>

              Respondent Agency.
_____ /

COMPLAINANT'S REPRESENTATIVE:                    *Pro se*

AGENCY REPRESENTATIVE:                           Robert Terzian, Esq.

FEDERAL ADMINISTRATIVE JUDGE:                    Daniel E. Leach

REFERENCE CODES:                                 IR: Investigative Report
                                                 AJE: Administrative Judge's
                                                  Exhibit

1

# I.    INTRODUCTION

The above matter was docketed and assigned to me on April 9 , 2004. By submission received September 23, 2004, the agency moved that I issue a Decision without a hearing pursuant to 29 CFR § 1614.109(g)(1). See, Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 322 (1986). Administrative Judge's Exhibit (AJE): 1. The complainant responded by submission dated October 6, 2004. Anticipating the agency's motion, complainant's submission received September 7, 2004, also touches on the issues presented in the agency's motion and is included in its response. AJE: 2. The agency replied by submission dated October 20, 2004. AJE: 3. These exhibits are incorporated by reference herein.

After thoroughly reviewing the investigative file and the submissions of the parties, I have determined that the complaint should be resolved without a hearing because no genuine dispute of material fact or questions of credibility exists. Accordingly, the following constitutes my Decision without a hearing on the complaint of discrimination filed by Virgil Lorenzo against the United States Department of Defense.

# II.    PROCEDURAL CHRONOLOGY

The complainant has timely complied with all procedural requirements of the Federal EEO complaint process and the agency requested the appointment of a Federal Administrative Judge. Therefore, I have jurisdiction to consider this matter and to issue a Decision herein pursuant to 29 C.F.R. § 1614.109(g).

# III.    ISSUES

Does the record evidence, when considered in the light most favorable to the complainant,

demonstrate that he was not considered for selection to the positions of Spanish teacher in 2000 and Social Studies/English teacher in 2002 because of his race (Asian), national origin (Philippines), age (DOB 1945), and/or prior EEO activity?

## IV.    **APPLICABLE LAW**

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), prohibits discrimination in federal employment based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-16.

The Age Discrimination in Employment Act (ADEA) provides that all personnel decisions affecting federal employees who are at least forty (40) years of age shall be made free from discrimination based on age. 29 U.S.C. § 633a.

Pursuant to regulations of the Equal Employment Opportunity Commission, no person shall be subject to retaliation for opposing any practice made unlawful by the ADEA or for participating in any stage of administrative or judicial proceedings under that or related statutes. 29 C.F.R. 1614.101(b); Smith v. Secretary, Department of the Navy, 659 F.2d 1113 (D.C. Cir. 1981).

**Discrimination Cases/Order of Proof**

In any judicial or administrative proceeding involving an allegation of discrimination, it is the burden of the complainant initially to establish that there is some substance to his claim. This means that the complainant must present evidence creating a prima facie inference which, if not rebutted, would permit a finding that unlawful discrimination had occurred. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Furnco Construction Co. v. Waters, 438 U.S. 567 (1978).

The complainant may establish a prima facie case of discriminatory job selection with

3

circumstantial evidence that raises an inference that the agency's selection decision was based on a proscribed factor, such as by showing that he is a member of a protected class, applied and was qualified for a vacant position, was not selected, and that the person selected was outside his protected class. McDonnell Douglas Corp. v. Green, supra; O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996) (Title VII model of proof applies to ADEA cases).

To raise an inference of discriminatory retaliation, the complainant must show (1) participation in an activity protected under the Title VII, the ADEA or a related statute, (2) knowledge of that activity by the decision-maker, (3) an adverse action against the complainant, and (4) a causal connection between the protected activity and the agency's adverse action. A causal connection may be established by showing that the protected activity was followed closely by an adverse action, that the agency treated the employee differently from similarly situated employees who had not participated in EEO activity, or that the agency treated the complainant differently than it treated him before he engaged in the protected activity. Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991); Cohen v. Fred Meyer, Inc., 686 F.2d 793 (9th Cir. 1982) (Title VII model of proof applies to claims of retaliation).

Once the complainant establishes a prima facie case, the agency has the burden of production to set forth clearly the reasons for its actions in not considering or selecting the complainant. The explanation provided must be legally sufficient to justify a judgment for the agency. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

If the agency satisfies its burden of production, the complainant must demonstrate that the reason articulated is not the true reason and is a pretext for discrimination. The complainant,

4

however, has the ultimate burden of proving by a preponderance of the evidence that a factor made unlawful under the Title VII, the ADEA, or that reprisal, played a motivating role or made a difference in the adverse employment action. McDonnell Douglas Corp. v. Green, supra; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

## ISSUANCE OF A DECISION WITHOUT A HEARING

The issuance of a Decision without a hearing is warranted if no genuine issues of material fact or questions of credibility exist when the evidence is viewed in the light most favorable to the complainant. 29 CFR § 1614.109(g); Rule 56, Fed.R.Civ.P. The complainant bears the burden of coming forward with sufficient evidence of every element that he must prove which must be evaluated in light of the proper standard of proof. Celotex Corp. v. Catrett, supra; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In a discrimination or retaliation case alleging non-selection or non-consideration, the complainant bears the ultimate burden of proving discrimination or retaliation by a preponderance of the evidence. McDonnell Douglas Corp v. Green, supra. Subjective belief or speculation as to motive, intent, or pretext is not sufficient to satisfy the complainant's burden. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). A hearing is not warranted unless the complainant provides significant, probative evidence tending to support the complaint which is sufficient enough for the fact finder to conclude that, from this evidence, the disputed fact could reasonably be resolved in his favor. Anderson v. Liberty Lobby, Inc., supra. The complainant also cannot withstand summary disposition simply by expressing an intent to challenge the credibility of the agency's witnesses on cross-examination. Lindahl v. Air France, 930 F.2d 1434 (9th Cir. 1991).

5

# V.   ANALYSIS

Viewed in the light most favorable to complainant, the undisputed evidence of record, including all of the matters alleged in, and documented by, complainant's sworn statements and submissions, demonstrates that the matters complained of were not based on, or motivated by, complainant's race, national origin, age or prior EEO activity.  In this regard, having found that the agency's motion and statement in support thereof including its attached exhibits, constitute an accurate and complete recitation of the undisputed material facts, and a comprehensive and correct legal analysis of all of the matters at issue, I hereby adopt the statement of undisputed facts contained in the agency's motion and supporting statement with attached exhibits.  Furthermore, I adopt the legal analysis contained in the agency's motion and statement as my conclusions of law herein.[1]  As noted above, these exhibits have been incorporated by reference herein.

Complainant's claims involve his not being included in a qualified applicant pool; i.e., a referral list from which selections were made for teaching positions during the period 2000 through 2002.[2]  IR: Exs. A, B. Complainant alleges he first learned of these deficiencies and shortcomings

---

[1]The Supreme Court ruled in Anderson v. Bessemer City, 470 U.S. 564 (1985), that "when the trial judge adopts the proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." 470 U.S. 564, at 572 (1985).

[2]Viewing this matter as a non-selection case, complainant's claims with respect to 2000 selection decisions are untimely.  29 C.F.R. § 1614.105 requires employees and job applicants to initiate contact with an EEO Counselor within 45 days of the matter alleged to be discriminatory. The undisputed evidence of record reflects that complainant initiated EEO counselor contact in December of 2001, long after the 2000 selection processes were completed.  Failure to select an applicant is a discrete and finite personnel event and is not actionable after the 45-day time period has elapsed even if relates to other, actionable claims. National Railroad Passenger Corp v. Morgan, 536 U.S. 101 (2002). This limitations period is triggered when a complainant "reasonably" should have suspected discrimination, and before all the facts that would have supported any claim had become apparent. Schermerhorn v. USPS, EEOC Request No.

in November of 2001. There is no evidence in the record before me indicating that in assessing qualification and application deficiencies, complainant was treated differently than similarly situated applicants for teaching positions who were of a different protected status. IR: Exs. A, B, F-1; AJE: 2.

The undisputed evidence of record reflects that at the time of the selection proceedings involving the positions at issue, complainant was not qualified pursuant to agency qualification and application procedures and was, thus, not considered. It is not disputed that beginning in 2000, school officials and administrators including the Principal of Kadena High School, Deborah Berry, after examining complainant's application, qualifications, experience and related factors found numerous deficiencies and shortcomings rendering complainant unqualified for consideration to fill the positions at issue and other vacant teaching positions in which complainant claims he was interested. AJE: 2. Nor is it disputed that complainant's lack of qualifications involved his failure to timely meet any one of a number of relevant criteria, including, *inter alia*, the fact that his teaching certification was not current; that he lacked sufficient credits of the nature and type necessary to meet the minimum requirements to teach the subjects in question; that he was outside the relevant pool for consideration, being a "local" applicant rather than a Continental U.S. ("CONUS") applicant; that he failed to properly complete his application; that he did not include certain teaching disciplines in his application for which he sought consideration; that he did not properly identify schools where he

---

05940729 (February 10, 1995). In this case, therefore, complainant's claim with respect to 2000 selection decisions fails the "reasonable suspicion" test and no evidence has been offered, and the record contains no evidence, indicating any reasonable justification to explain complainant's dilatory response. Nonetheless, the Decision herein will assume that complainant has perfected his claims in timely fashion and, indeed, in viewing his claim as a failure to qualify, it would appear to be timely. See, IR: Ex. B.

7

sought consideration; and that he did not have the requisite years of experience, National Board Certification and did not meet certain special agency requirements. It is also not disputed that all relevant criteria, qualification and experience requirements at issue were job related, neutral and non-discriminatory.[3] IR: Exs. A, B, F-1 through F-26; AJE: 1, 2, 3.

In response, complainant speculates that, notwithstanding his lack of qualifications and application shortcomings as noted above, the agency's failure to notify him of qualification changes after he initially applied and the existence of a notation in the agency records that he not be re-employed, constitute evidence of pretext. With respect to the issue of the agency's having "changed" its requirements, the undisputed evidence of record reflects that at the time of the selection decision in 2000, complainant had not completed 30 hours of course work in "Spanish," a prerequisite to his eligibility to teach this subject in the agency's schools. Complainant alleges that this was a change from previous qualification criteria requiring fewer credits, and speculates that the agency could have informed him of the change. However, complainant offers no evidence, and the record contains no evidence, indicating that other applicants similarly situated to complainant but of a different protected status, were given such special notice. I conclude, therefore, that the agency's failure to provide such notice to complainant in these circumstances does not constitute evidence of pretext. AJE: 1, 2, 3.

---

[3]Under relevant application procedures, all candidates were screened by personnel specialists who determined whether applicants met qualification and other prerequisites for teaching positions. In turn, the selecting official considered only those candidates deemed qualified and referred for consideration. Complainant does not allege, and there is no evidence of record indicating, that personnel specialists in this case subjected him to discrimination or retaliation in assessing his qualifications. It is complainant's contention that in certain instances, selecting officials could or should have circumvented the referral list, independently find him qualified and select him. AJE: 1, 2, 3.

8

Complainant's argument that a notice appearing in agency records which expressly recommended that the agency not re-employ him must have influenced the agency's adverse selection decisions at issue, is misplaced. IR: Ex. F-4. Complainant offers no evidence, and the record contains no evidence, indicating that any selecting official at any time was even aware of this negative recommendation. Complainant's qualifications and application deficiencies, including his failure to complete his application, simply precluded his consideration for these appointments to teaching positions in the first place and there is no evidence that the negative recommendation referred to was a factor in this decision. Indeed, there is no evidence, and complainant offers no evidence, indicating that the selection and qualification decisions of any of the officials involved were not as they stated and/or as they reasonably believed: That complainant was precluded from consideration because of his qualification and application defects and shortcomings discussed above. Moreover, there is no evidence that any other applicants similarly situated to complainant but of a different protected status, were not similarly excluded from consideration because of similar defects and shortcomings in their applications and qualifications.

Even if the selecting officials and personnel qualification examiners were later proven wrong with respect to complainant's lack of qualifications, there is no evidence, and complainant has offered no evidence, indicating that they fabricated the reasons given for their findings or that these "lack-of-qualification" decisions were somehow contrived because of complainant's race, national origin, age or EEO activity. Indeed, an employer's action or decision is not discriminatory or retaliatory if it is based on a reasonable belief that the information considered at the time was accurate, even if it later is shown that the information was incorrect. Nix v. WLCY Radio/Rayhall Communications, 738 F.2d

9

1181 (11th Cir. 1984).

In response, complainant also cites an example of a substitute teacher who was converted, without competition, to a regular teaching assignment in late 2000 or early 2001, an assignment for which complainant states he was qualified. Assuming that complainant's claim involving this particular selection decision is timely, complainant offers no evidence, and the record contains no evidence, indicating that the selecting official involved lacked authority or in any way intended to forestall complainant's opportunity to compete by relying upon a non-competitive selection process which was authorized pursuant to neutral and non-discriminatory agency personnel practice and procedure. AJE: 1, 2, 3.

Complainant argues, as well, that he has observed that individual teachers within his protected category are not represented or are under-represented in the relevant agency teaching workforce, an observation which, in his opinion, evinces discrimination. However, complainant offers no evidence, and the record contains no evidence, indicating that the teacher workforce is not reflective of the protected category make-up of the qualified applicant pool. Without such evidence, complainant's observations, even if true, are not evidence of discrimination or pretext with respect to the discrete selections at issue herein.

With respect to complainant's claims insofar as they are based upon reprisal, it is noted, finally, that the main EEO activity on which complainant relies for his claim of retaliation occurred seven years before the events leading to the institution of this action and involved a management official who had since retired form the agency. Such a nexus is too tenuous to support a reprisal-based claim. Clark County School District v. Breeden, 532 U.S. 268 (2001); Ponticelli v. Zurich

10

American Ins. Co., 16 F. Supp. 414 (S.D.N.Y. 1998).

Thus, complainant is unable to establish all aspects of his complaint arising from the determination that he was not qualified to be included within relevant applicant pools and, thus, could not be considered for teaching positions during the relevant time period. The agency has explained its decisions for legally sufficient reasons and there is no evidence of pretext. St. Mary's Honor Center v. Hicks, supra.

## VI.  DECISION.

Based on all of the above and considering the evidence in the light most favorable to complainant, including arguments and evidence not specifically addressed in this Decision, I conclude that complainant is unable to establish or to make a sufficient showing on essential elements of his case on which he has the burden of proof and that the agency, therefore, is entitled to judgement as a matter of law. Celotex Corp. v. Catrett, supra; Anderson v. Liberty Lobby, Inc., supra.

Date: 10/27/04

Daniel E. Leach, Federal Administrative Judge

## NOTICE

This is a Decision is issued pursuant to 29 C.F.R. §1614.109. Relevant regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of the Decision. The Agency's final order shall notify the complainant whether or not the Agency will fully implement this Decision, and shall contain notice of the complainant's right to appeal, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. **With the exception detailed in the next paragraph, complainant may not file an appeal directly from this Decision.** Rather, complainant may appeal within 30 calendar days of receipt of the Agency's final order concerning its implementation of this Decision. If the final order does not fully implement this Decision, the Agency must also simultaneously file an appeal in accordance with 29 C.F.R. §1614.403, and append

Case 1:05-cv-00035   Document 14   Filed 06/12/2006   Page 23 of 24

a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached to the final order.

Complainant may only appeal directly from this Decision in the event that the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal. The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed and should certify to the EEOC the date and method by which such service was made on the opposing party.

All appeals must be filed by mail, personal delivery or facsimile to the following address:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848, Washington, D.C. 20036
Fax No. (202)663-7022 (Facsimile transmissions
over 10 pages will not be accepted).

CERTIFICATE OF MAILING

I hereby certify that on the 27 th day of October, 2004, I mailed my foregoing Decision and Notice to the agency, and copies to the complainant and to the agency counsel.

Daniel E. Leach, Federal Administrative Judge

Virgil M. Lorenzo
PSC 559 Box 5288
FPO AP 966377

Robert Terzian, Esq.
DODEA Office of Counsel

12