FILED
DISTRICT COURT OF GUAM
JUN 13 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

VIRGIL M. LORENZO,

    Plaintiff,

vs.

DONALD RUMSFELD,

    Defendant.

Civil Case No. CV05-00035

**ORDER RE: DEFENDANT'S MOTION TO DISMISS AND OBJECTION TO THE IFP**

This matter is before the Court on the Defendant, Donald Rumsfeld's Motion to Dismiss, or in the alternative, to transfer this case to the United States District Court for the Eastern District of Virginia.[1] Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[2] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby **GRANTS** the Defendant's motion to transfer venue and issues the following decision.

---

[1] Defendant Rumsfeld also objects to the plaintiffs application to proceed without payment of fees. However, the United States Magistrate Judge had previously denied the Plaintiffs application. See Docket No. **3.** Accordingly, this objection is moot and will not be considered further herein.

[2] Local Civ.R. 7.1 (e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

# ORIGINAL

# BACKGROUND

On November 21, 2005, Mr. Virgil Lorenzo ("Plaintiff'), proceeding *pro* se, filed his complaint in the District Court of Guam, The Plaintiff initially filed his complaint in San Diego because that was where the Plaintiff last resided before he moved to Japan. However, he was advised by the clerk of court of the United States District Court for the Southern District of California that the Plaintiff may wish to file his complaint in the District Court of Guam because it was closer to where the Plaintiff resided. Accordingly, the Plaintiff filed his complaint in the District Court of Guam.

The Plaintiff alleges employment discrimination in violation of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, et. seq. The Plaintiff alleges that based upon race (Filipino, Asian), national origin (Filipino), age (DOB: 02/23/45) and retaliation (prior EEO Complaint activity January 5, 1995) the Department of Defense Education Activity ("DoDEA") denied him a teaching position in Okinawa, Japan. See Compl., Docket No. 1.

On April 26, 2006, the Defendant moved to dismiss or, in the alternative, to transfer the case to the Eastern District of Virginia. See Defendant's Motion, Docket No. 8.

# DISCUSSION

The Defendant moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(3) on the ground that venue in this Court is improper. The Defendant relies upon Title VII's venue provision provided at 42 U.S.C. § 2000e-5(f)(3). In the alternative, the Defendant asks this Court to transfer Plaintiffs suit to the Eastern District of Virginia if this Court finds that venue is in this instance improper.

Pursuant to 42 U.S.C. § 2000e-5(f)(3), a Title VII action can be brought only in the following places:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

In this case, the alleged unlawful employment practice took place in Okinawa, Japan, and the Plaintiff would have continued to work in Okinawa, Japan but for the alleged discrimination. All of the relevant records are located in Arlington, Virginia and Defendant Rumsfeld's principal office is located at the Pentagon, which is located within the Eastern District of Virginia. See Defendant's Motion, Exhibit D, Affidavit of Paul Wolfe, attached thereto, Since this matter can not be filed in Japan, the Defendant argues that the Eastern District of Virginia would be the appropriate venue under the statue.

The Plaintiff does not dispute that the Eastern District of Virginia is the exclusive venue. Instead, the Plaintiff claims that Guam is the reasonable venue given the proximity to Guam from Okinawa and that the job he was denied will at some point ultimately move to Guam. However, the Court notes that the Plaintiffs arguments to do not address how he meets the requirements of the venue statute as specifically set forth in 42 U.S.C. § 2000e-5(f)(3). Although the Court is sympathetic to the logistical challenges the Plaintiff will face if venue is transferred to Virginia, strict compliance with the terms of Title VII is mandatory. See Johnson v. *Payless* Drug Stores Northwest, *Inc.*, 950 F.2d 586, 587 (9th Cir. 1991). Accordingly, the Court finds that the District Court of Guam is not the appropriate venue for this action.

A district court may cure improper venue by transferring the case to any district in which it could have been brought in the interest of justice. See 28 U.S.C. § 1406(a). Under the circumstances, it would be in the interest of justice to transfer this case to a court with proper venue. There is no suggestion that the suit was initiated in this Court for any improper reason. It seems clear that the reason the Plaintiff filed his action in this Court was because the Clerk of Court of the Southern District Court of California suggested that the Plaintiff file his action here as the closest district court to Japan, where the Plaintiff resides. But for the statue, it would appear that there is no reason why venue in this Court would not otherwise be appropriate. Dismissal of the action at this stage of the proceedings would not serve to needlessly delay any resolution of this matter and/or relief to which the Plaintiff may be entitled. Therefore, in the interest of justice, the Court finds this case should be transferred.

## CONCLUSION

For these reasons, and those outlined above, Defendant Rumsfeld's Motion to Dismiss is respectively **DENIED.** However, Defendant's Motion to Transfer Venue is GRANTED, and it is Ordered that this case be TRANSFERRED to the United States District Court for the Eastern District of Virginia. Each party is to bear its own taxable costs, attorneys' fees, and expense incurred herein to date.

**So ORDERED** this 9th day of June, 2006.

JOHN A. HOUSTON
United States District Judge

---

*The Honorable John A. Houston, United States District Judge for the Southern District of California, by designation.